IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANTONE V. PHILLIPS, | § | |
| | § | |
| Defendant Below- | § | No. 335, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Kent County |
| | § | Cr. ID No. 0901011770 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: July 31, 2014
Decided: September 16, 2014

Before **HOLLAND**, **RIDGELY**, and **VALIHURA**, Justices.

## **O R D E R**

This 16th day of September 2014, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Antone V. Phillips, filed this appeal from the Superior Court's May 28, 2014 order summarily dismissing his second motion for postconviction relief.  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Phillips' opening brief that his appeal is without merit.[1]  We agree and affirm.

---

[1] Supr. Ct. R. 25(a).

(2) The record reflects that, in January 2009, Phillips was arrested for raping two of his younger half-sisters ("NB" and "EB").[2] In March 2009, a grand jury indicted Phillips for five counts of Rape in the First Degree, two counts of Rape in the Second Degree, Continuous Sexual Abuse of a Child, Dangerous Crime Against a Child, and two counts of Incest. On September 3, 2009, Phillips pled guilty to one count of Rape in the Second Degree in exchange for the State entering a *nolle prosequi* on the remaining charges and recommending twenty-five years of Level V incarceration, suspended after fifteen years for decreasing levels of supervision. The Superior Court sentenced Phillips to twenty-five years of Level V incarceration, suspended after fifteen years for decreasing levels of supervision. The Superior Court found that a sentence exceeding the sentencing guidelines was appropriate because there were multiple victims and Phillips had a prior rape conviction. Phillips did not file a direct appeal.

(3) On March 1, 2010, Phillips filed his first motion for postconviction relief. Phillips claimed his counsel was ineffective because he failed to file a direct appeal. After receiving affidavits from Phillips' counsel, a Superior Court commissioner concluded that Phillips' ineffective assistance of counsel claim lacked merit and recommended denial of the postconviction motion. The Superior

---

[2] Pseudonyms have been assigned to the victims under Supreme Court Rule 7(d).

2

Court adopted the recommendation and denied Phillips' first motion for postconviction relief. Phillips did not appeal the Superior Court's order.

(4)     On May 15, 2014, Phillips filed his second motion for postconviction relief, again alleging ineffective assistance of counsel. On May 28, 2014, the Superior Court found that Phillips' second motion for postconviction relief was procedurally barred under Superior Court Criminal Rule 61(i) ("Rule 61") and summarily dismissed the motion. This appeal followed.

(5)     On appeal, Phillips claims that: (i) his counsel was ineffective because he failed to discover that Phillips had a defense under 11 *Del. C.* § 762(d) and he incorrectly informed Phillips that the age of his half-sisters meant they could not consent to sexual activity with Phillips; and (2) he should be permitted to withdraw his guilty plea due to his counsel's ineffective assistance.

(6)     This Court reviews the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[3] The procedural requirements of Rule 61(i) must be considered before any substantive issues are addressed.[4] In this case, Phillips' claims are untimely under Rule 61(i)(1)[5] and

---

[3] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[4] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[5] Super. Ct. Crim. R. 61(i)(1) (barring postconviction motion filed more than one year after judgment of conviction is final).

3

repetitive under Rule 61(i)(2).[6] To avoid application of the Rule 61(i) procedural bars, Phillips appears to contend that review of his claims is warranted "in the interest of justice"[7] or because there was a "miscarriage of justice."[8]

(7) To establish a claim of ineffective assistance in the context of a guilty plea, a defendant must show that: (i) his counsel's conduct fell below an objective standard of reasonableness; and (ii) there is a reasonable probability that but for counsel's errors, he would not have pled guilty and would have insisted on proceeding to trial.[9] A defendant must substantiate a claim of ineffective assistance with concrete allegations of cause and actual prejudice or else risk summary dismissal.[10]

(8) Phillips' ineffective assistance of counsel claims are based on his contention that his counsel should have discovered and informed him that he had a defense under 11 *Del. C.* § 762(d). Section 762(d) provides:

---

[6] Super. Ct. Crim. R. 61(i)(2) (barring any ground for relief not asserted in prior postconviction motion).

[7] Super Ct. Crim. R. 61(i)(2) (providing that repetitive claim can be reviewed in interest of justice).

[8] Super. Ct. Crim. R. 61(i)(5) (providing that barred claims can be reviewed if there is colorable claim of miscarriage of justice due to constitutional violation that undermined fairness of proceedings).

[9] *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Allbury v. State*, 551 A.2d 53, 59 (1988).

[10] *Chattin v. State*, 2012 WL 5844886, at *2 (Del. Nov. 16, 2012); *Younger v. State*, 580 A.2d at 556.

Teenage defendant.--As to sexual offenses in which the victim's age is an element of the offense because the victim has not yet reached that victim's sixteenth birthday, where the person committing the sexual act is no more than 4 years older than the victim, it is an affirmative defense that the victim consented to the act "knowingly" as defined in § 231 of this title. Sexual conduct pursuant to this section will not be a crime. This affirmative defense will not apply if the victim had not yet reached that victim's twelfth birthday at the time of the act.[11]

"[W]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial."[12]

(9)    Phillips fails to show that a Section 762(d) defense likely would have succeeded at trial. First, Section 762(d) was not applicable to any sexual acts that occurred before Phillips' half-sisters reached their twelfth birthdays. Some of the charges against Phillips (including one count of Rape in the Second Degree) arose from an act that may have occurred before EB turned twelve. Second, Section 762(d) is an affirmative defense. Phillips would have borne the burden of proving by a preponderance of the evidence that his younger half-sisters knowingly consented to engaging in sexual conduct with him.[13]  Phillips fails to identify

---

[11] 11 *Del. C.* § 762(d).

[12] *Hill v. Lockhart*, 474 U.S. at 59 (citing *Evans v. Meyer*, 742 F.2d 371, 375 (7th Cir.1984)).

[13] 11 *Del. C.* § 304(a) ("When a defense declared by this Criminal Code or by another statute to be an affirmative defense is raised at trial, the defendant has the burden of establishing it by a preponderance of the evidence.").

anything suggesting that he could have satisfied this burden of proof. Phillips obtained a substantial benefit by pleading guilty, instead of facing trial on multiple counts of rape. Under these circumstances, Phillips has not shown that review of his claims is warranted in the interest of justice or because there was a miscarriage of justice. Accordingly, the Superior Court did not err in dismissing Phillips' second motion for postconviction relief.

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:


/s/ Randy J. Holland
Justice

6